**In the Matter of Deborah S. Davis JULIAN (f/k/n Kubley), Respondent.**

**No. 41S00–1201–DI–37.**

Supreme Court of Indiana.

Sept. 7, 2012.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUM-STANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme

Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent admits to six counts of professional misconduct occurring from 2008 through 2011. The misconduct consists of: neglecting clients' cases, failing to do the work for which she was hired, failing to inform clients about the status of their cases and respond to their reasonable requests for information, failing to appear at a pretrial conference and at hearings, failing to inform a client of when a hearing had been set, failing to disclose this fact to the court, failing to take court-mandated steps to prevent dismissal of a client's case, failing to refund unearned fees, and failing to cooperate with the Commission's requests for responses to grievances and a subpoena duces tecum.

The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history for professional misconduct; and (2) she has completed a 90–day residential treatment program for alcohol addiction and continues to receive assistance from Indiana Judges and Lawyers Assistance Program ("JLAP").

The Court notes the following dues nonpayment and noncooperation suspensions, which this Court considers to be an aggravating fact:

Dues nonpayment suspension, 5/5/09; reinstated 5/30/08.

53S00–1007–DI–371: Show cause petition filed 7/4/10. Dismissed with costs 8/23/10.

53S00–1009–DI–491: Show cause petition filed 9/14/10. Suspended for noncooperation on 12/27/10. Reinstated on certificate of compliance 9/19/11.

53S00–1012–DI–653: Show cause petition filed 12/01/10. Suspended for noncooperation on 3/18/11. Reinstated on certificate of compliance 10/17/11.

41S00–1112–DI–696: Show cause petition filed 12/15/11. Suspended for noncooperation 2/15/12. Still in effect.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

1.4(a)(4): Failure to comply promptly with a client's reasonable requests for information.

1.16(d): After the termination of representation, failure to protect a client's interests and failure to refund an unearned fee.

3.3: Failing to disclose a material fact to a tribunal.

8.1(b): Knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority.

**Discipline:** The parties propose the appropriate discipline is a two-year suspension, with the following terms:

● Respondent shall continue with JLAP monitoring and any treatment deemed necessary and appropriate by JLAP.

● Her compliance with all JLAP conditions shall be a condition precedent to consideration of any future request for reinstatement to the bar.

The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than two years, without automatic reinstatement, effective as of the date of this order.** Respondent shall fulfill the continuing duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, complies with the agreed terms of suspension set forth above, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DAVID, J., who dissents, believing that the discipline is insufficient and that disbarment is appropriate.